W. H. HOOD ET AL. v. F. L. SUTTON, MAYOR, ET AL.

(Filed 22 December, 1917.)

1. **School Districts—Bonds—Municipal Limits—Election—Calls—Statutes.**

Where a graded school district is established under chapter 96, Public Laws of 1899, with territory coterminous with the corporate limits of the town, and thereafter the territory is extended beyond such limits under a private law containing no authority to issue bonds, and there being no such authority conferred under the Laws of 1899, to issue them for the enlarged district, the board of aldermen of the town are without authority to call an election for the issuance of bonds by the enlarged district, by virtue of chapter 81, Public Laws of 1915, amended by chapter 130, Laws of 1917, this act being confined to the municipal limits and taxes levied on property therein; and such would destroy the uniformity of taxation with regard to the outlying territory but within the school district.

2. **Same—Ambiguity.**

Ambiguity, if any, in chapter 81, Public Laws of 1915, as to the calling of an election by the municipal authorities for a school district extending beyond the incorporate limits of the town, is resolved against the validity of such call by reference to other provisions therefor required by chapter 55 of the Public Laws, passed at the same session of the Legislature.

3. **Elections—Injunctions.**

While the courts are slow to restrain the holding of an election, it will nevertheless do so if the election contemplated would be held contrary to law, and therefore be ineffective and void.

APPEAL by defendants from order of *Stacy, J.,* at chambers, 21 November, 1917; from LENOIR.

This is an action brought by the plaintiff in his own behalf and in behalf of other taxpayers and residents of the city of Kinston to restrain the holding of an election and the issuing of bonds in the sum of $150,000 for school purposes in the Kinston Graded School District, plaintiffs contending that there is no authority for holding the election or issuing the bonds:

(1) For that the election has been ordered by the aldermen of Kinston instead of by the board of commissioners of the county on petition of the board of education.

(2) For that there is no legislative authority to issue bonds in excess of $25,000.

The defendants claim the right to hold the election and to issue the bonds under chapter 81, Public Laws of 1915.

A temporary restraining order issued, and upon the hearing it was continued until the final determination of the action, and defendants appealed.

*R. A. Whitaker for plaintiff.*
*Loftin, Dawson & Manning for defendants.*

ALLEN, J. The Kinston Graded School District was established under authority of chapter 96, Public Laws of 1899, the territory included in the district being then coterminous with the corporate limits of the city of Kinston. This act was ratified by a vote of the people of Kinston under a provision in the act requiring the election to be held under the same rules and regulations as for the election of a mayor.

Under chapter 225, Private Laws of 1915, the district was enlarged to include much territory outside of the corporate limits of Kinston. This last act was also ratified by a vote of the people at an election held at the time of electing municipal officers and by the same judges and registrars, as required by the act.

There is no provision in either act for issuing bonds or for holding any election except one for the ratification of the acts, and the defendants must show legislative authority elsewhere for their action in ordering an election and for issuing the bonds.

They rely on chapter 81, Public Laws of 1915, as amended by chapter 130, Laws of 1917, which are recited in the resolution, adopted by the aldermen when the election was called, as their authority.

The act of 1917 is not material to the present inquiry as it does not deal with elections or issuing bonds, and an examination of the act of

1915 shows clearly that it refers only to incorporated towns and cities, and does not purport to deal with districts, such as the Kinston Graded School District, which include municipal corporations and territory outside of the corporate limits.

The act of 1915 is entitled "An Act to authorize the *board of aldermen or other governing body of towns and cities* to issue, upon approval by vote of the people, bonds for purchasing sites, erecting buildings, etc., for school purposes." The act provides, in section 1, "That whenever it shall be necessary, *in the judgment of the board of aldermen or other duly constituted authority of any incorporated town or city* in the State, which is in charge of its finances, to purchase lands or buildings or to erect additional buildings for school purposes, *said board of aldermen or other authority* is authorized and empowered to issue for said purposes *in the name of said town or city,* bonds, etc."; in section 3, "Said bonds shall be signed by the *mayor, attested by the town or city clerk or treasurer,* and *sealed* with the *corporate seal of said town or city,* and shall bear the signature of the *town or city clerk and treasurer* written, engraved, or lithographed"; in section 4, "That the *board of aldermen or other proper authority of said towns and cities* is hereby authorized to levy and collect each year, in addition to. all other taxes in said city, *an ad valorem tax upon all the taxable property in said city,* sufficient to pay the interest on said school bonds as the same become due, and also at or before the time when the principal of said bonds become due, a further uniform *ad valorem tax upon all the taxable property in said city* sufficient to pay the same or provide for the payment thereof."

It therefore appears that under the provisions of the act under which the defendants are proceeding the governing body of the city or town is given authority to determine whether the bonds shall be issued or not; that the bonds are to be executed in the name of the city or town and by its officers; that there is no authority to levy any taxes for the payment of principal or interest, except upon taxable property within the corporate limits, and this excludes the idea that the act has any reference to a district which includes territory outside of the municipal corporation, as otherwise the city or town would be required to issue its bond, imposing upon it an obligation to pay, and to collect taxes for the payment of the principal and interest from its citizens for the benefit of territory outside of the corporate limits, when those in this territory would not be bound and would not be required to pay principal or interest, or be subject to any tax levy, which would destroy the principle of uniformity in taxation. *Faison v. Comrs.,* 171 N. C., 415.

There is no ambiguity in the statute and no room for construction, but if its meaning were doubtful, the doubt would be resolved against the defendants because at the same session of the General Assembly provi-

sion is made by chapter 55, Laws of 1915, for school districts, like the Kinston Graded School District, which include incorporated towns and cities and territory outside, to issue bonds for school purposes.

The first section of this last act provides that "the board of county commissioners of any county in the State shall, upon the petition of the county board of education, order an election . . . to be held in any county, township, or school district which embraces an incorporated town or city," to ascertain the will of the voters on the question of issuing bonds for school purposes. The act further regulates the holding of the election for bonds and the use of the proceeds, and has express provision that in no case shall bonds issued by any school district exceed the sum of $25,000.

We therefore conclude that there is no authority in the governing body of Kinston to call the election or to issue the bonds, and that if an election is held, it must be under chapter 55, Public Laws of 1915, or under the act a copy of which is attached to the complaint.

We are not inadvertent to the fact that the plaintiffs are asking a court of equity to restrain the holding of an election, a jurisdiction which the courts are slow to exercise, and they will not do so except where it is clear that the election would be held contrary to law, and would be ineffective and void, as appears from this record. 9 R. C. L., 1001; 14 R. C. L., 375; *Conner v. Gray,* 9 Anno. Cases, 121 and note; *R. R. v. Comrs.,* 109 N. C., 159.

We therefore conclude that there was no error in continuing the restraining order.

Affirmed.